IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| DONALD L. WILSON, | * | |
| Petitioner, | * | |
| | | CASE NO. 1:06-CV-32 WLS |
| VS. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 1:02-CR-14 WLS |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

**REPORT AND RECOMMENDATION**

Petitioner Wilson timely filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 on March 6, 2006 in the above styled action. (R-189). The Government was ordered to Answer said Motion and filed its Response on May 8, 2006 (R-195). The case is now under consideration on the merits of Petitioner's claims.

**Procedural History** : Petitioner Wilson was indicted in this court on May 2, 2002 (R-8) and charged with Conspiracy to Distribute More Than 100 Kilograms of Marijuana in violation of 21 U.S.C. §846 in connection with § 841(a)(1) and 841(b)(1)(B)(viii). On August 25, 2003, Petitioner Wilson entered into a Plea Agreement with the Government and pled guilty to the charge. (R-142). He was sentenced on March 4, 2005 to a term of imprisonment of 88 months, which sentence was reduced to Judgment and filed on March 8, 2005. (R-173). Petitioner Wilson has made allegations of error and ineffective assistance of counsel in his § 2255 Motion.

**Petitioner's Claims :**   As **Ground One**, Petitioner alleges ineffective assistance stating:

> I was represented by an indigent defense attorney.  I asked him to file objections to my Pre-Sentence Report. These objections were never filed.  I was not informed that an appeal could be filed with a guilty plea.  I was poorly represented causing me to receive more time than any other of the major players.

(R-198 at 5).   Petitioner Wilson was represented by Attorney Ramon Fajardo, who, though not indigent himself, represents indigent defendants along with other attorneys on a voluntary rotation basis.   His performance in relation to his representation of Petitioner Wilson will be judge by the standard in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984). The Eleventh Circuit Court of Appeals stated in *Rogers v. Zant,* 13 F.3d 384, 486 (1994):

> The cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064 (1984). To establish prejudice, the Petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694..... When reviewing whether an attorney is ineffective, courts "should always presume strongly that counsel's performance was reasonable and adequate." *Atkins v. Singletary*, 965 F. 2d 952, 958 (11th Cir. 1992). And, "a court should be highly deferential to those choices ... that are arguably dictated by a reasonable trial strategy." *Devier v. Zant*, 3 F.3d 1445, 1450 (11th Cir. 1993).  Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so.  This burden, which is petitioner's to bear, is and is supposed to be a heavy one.

Petitioner's complaint that his counsel never filed any objections to his PSR is not supported by the record of his case.   The Government has attached to its Response, as

2

Exhibit A, a letter from Petitioner's counsel enumerating Petitioner's Objections to the PSR. The letter was properly directed to the Probation Officer who was responsible for preparing the PSR and making any corrections after consideration of Petitioner's objections.  In Part A of the Objections enumerated in counsel's letter, he states, "Your computation fails to give Mr. Wilson a two (2) level for pleading guilty and acceptance of responsibility."  As explained at ¶¶ 20 and 29 of the PSR,  Petitioner Wilson did not receive any reduction for acceptance of responsibility because during his pretrial release before his plea and sentencing in federal court, he was convicted of Possession of Marijuana With Intent to Distribute in State court.  Commentary to U.S.S.G. § 3E1.1, Application Note 3, specifies:

> Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction . . . will constitute significant evidence of acceptance of responsibility  . . .  . However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right.

Petitioner's counsel made the objection regarding the absence of any reduction points for acceptance of responsibility, and Petitioner cannot claim that he never filed such an objection. Neither can Petitioner show ineffective assistance of counsel, because he cannot show that the outcome of the acceptance of responsibility issue would have come out differently no matter what his counsel did under the circumstances. The matter was entirely in the discretion of the court, due to Petitioner's conviction in the State court.

Petitioner Wilson next claims that, "I was not informed that an appeal could be filed with a guilty plea." He does not contend that his counsel did not discussed it with him. The

3

Plea Agreement (R-142) which Petitioner Wilson entered into with the Government in his counsel's presence on August 25, 2003, which states that he did discuss his rights with his counsel, even initialing each page with him, fully addresses Petitioner's right to appeal. At ¶ (3)(G) of his Plea Agreement, Petitioner Wilson entered into a limited Waiver of Appeal, as follows:

> Understanding that Title 18, United States Code, Section 3742, provides for appeal by a defendant of defendant's sentence under certain circumstances, defendant by this agreement waives any right to appeal or other review of defendant's sentence by the District Court or the Court of Appeals after conviction except in the case of an upward departure from the guidelines pursuant to U.S.S.G. § 5K2.0 and 4A1.3, and any claim of ineffective assistance of counsel.
> Notewithstanding these waivers, the defendant expressly reserves the right to file a direct appeal of an upward departure pursuant to U.S.S.G. § 4A1.3 (criminal history or § 5K2.0 (offense level) which the Court specifies at the time of the defendant's sentencing. The defendant understands and agrees that defendant's waiver as to all other U.S.S.G. findings would still be in force and effect, notwithstanding defendant's reserved right to appeal an upward departure.

(R-142 at 3,4).   Petitioner's claim that he was "not informed that an appeal could be filed with a guilty plea" in contradicted by the Plea Agreement he entered into in writing at the time of his guilty plea. He has failed to show any ineffective assistance of counsel.

Finally, in regard to his ineffective assistance of counsel claims, Petitioner states, "I was poorly represented causing me to receive more time than any other of the major players." First, Petitioner was not found to be a major player in the conspiracy. Paragraph 25 of the PSR reveals that Petitioner Wilson received a two level reduction in his offense level based on his being a "minor participant" in the conspiracy.  Secondly, disparate

treatment in sentencing co-defendants in the same criminal enterprize does not violate any legal or constitutional right cognizable as such in a § 2255 Motion To Vacate, Set Aside, or Correct his Sentence. In *United States v. Regueiro,* 240 F.3d 1321, 1325-26, (11th Cir. 2001), the Court observed:

> Regueiro argues that the district court's disparate treatment of her and her codefendant violates the sentencing guidelines. . . . Regueiro also claims this disparate treatment violates the principle of uniformity of sentencing that animates the guidelines. We disagree. Disparity between the sentences imposed on codefendants is generally not an appropriate basis for relief on appeal. *See United States v. Chotas,* 968 F.2d 1193, 1197-98 (11th Cir. 1992) (holding that disparate sentencing among codefendants was adequately considered by the Sentencing Commission and is therefore not an appropriate ground for departure). As we explained in *Chotas,* "to adjust the sentence of a co-defendant in order to cure an apparently unjustified disparity between defendants in an individual case will simply create another, wholly unwarranted disparity between the defendant receiving the adjustment and all similar offenders in other cases." *Id.* at 1198.

*See also Marek v. Singletary,* 62 F.3d 1295, 1302 (11th Cir. 1995). Petitioner Wilson's complaint regarding the sentences of his co-defendants does not rise to the level of violation of a constitutional right and affords no relief in § 2255. A review of Petitioner's PSR reveals that his Guideline sentence of 88 months was properly selected from within the range 77 to 96 months as determined by his own criminal history and offense level without reduction for acceptance of responsibility.

Petitioner's **Ground Two** alleges that his "Pre-Sentence Report was incorrect" and more particularly that:

> After reviewing the Pre-Sentence Report I objected to several untrue statements. These objections were never filed or recognized. I denied major participation in the conspiracy. Not only did I receive more time due to the

5

incorrect statements but also for a state charge that I objected to. The State charge occurred after my federal charge, but was also included in my PSR.

As has been shown heretofore, several objections *were* filed on behalf of Petitioner Wilson. However, counsel cannot be considered ineffective for failing to raise claims that lack merit. *See Alvord v. Wainright,* 725 F.2d 1282, 1291 (11th Cir. 1984). Petitioner's claim that he objected and denied major participation in the conspiracy is without merit, because, as demonstrated above, he was granted a two level reduction in offense level when he was found to be a "minor participant" in the conspiracy. His complaint that the "State charge occurred after my federal charge" correctly states that that charge was included in the PSR, and properly in regard to any reduction he may have otherwise received for acceptance of responsibility, as explained, quoting from the Commentary Notes to U.S.S.G. § 3E1.1, as stated above. Petitioner's Ground Two adds no new legal consideration to his Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255.

WHEREFORE, IT IS RECOMMENDED for all of the above considerations that Petitioner's Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 23rd day of May 2006.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE